**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**ALEXANDRIA DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** *ex rel* **PAUL G. MATHEWS** | **CIVIL ACTION NO. 99-0604** |
| **-vs-** | **JUDGE LITTLE** |
| **HEALTHSOUTH CORPORATION** | |

## ORDER

Before the court are the Relator's Motion to Authorize Communications with Unrepresented Non-Party Witnesses, Including Any Former Employees of Defendant [Doc. #145] and HealthSouth's Response [#148]. The Relator's Motion arose after Relator's counsel directly contacted a former HealthSouth employee, Anne Marie Rayburn, in an effort to schedule her deposition. Relator's counsel contends that, because her name was not on the list of represented former employees, he believed that Miss Rayburn was unrepresented. HealthSouth responds that Relator's counsel violated the parties' informal discovery agreement when he contacted Rayburn without its permission. HealthSouth further asserts that this was a possible violation of Louisiana Rule of Professional Conduct 4.2(a) because Relator's counsel either knew or should have inferred from the circumstances that she was represented by HealthSouth at the time because Relator's counsel should "operate under the assumption that [HealthSouth] represents [current and former HealthSouth employees] *unless* you are informed otherwise."

First, as for Rule 4.2(b), the court advises the parties that the plain language of Rule 4.2 does not apply to *ex parte* non-privileged contact with *former* employees. See State Bar Arts. of Incorporation, art. 16, Rules of Prof. Conduct, Rule 4.2(b) (West 2005) (stating that "a lawyer shall not communicate . . . with . . . (b) a person the lawyer knows is *presently* a director, officer, employee, member, shareholder or other constituent of a represented organization . . . .") (emphasis added); Jenkins v. Wal-Mart Stores, 956 F. Supp. 695, 697 (W.D. La. 1997) (stating that plaintiff's counsel may interview *former* Wal-Mart employees *ex parte*, provided that he does not address areas subject to the attorney-client privilege and, in addition, he may not have any *ex parte* contact with current Wal-Mart employees). The purposes behind Rule 4.2 are to prevent disclosure of attorney-client communications and to protect that party from "liability-creating" statements elicited by a skilled opposing attorney. Jenkins, 956 F. Supp. at 696. Thus, Rule 4.2's "underlying policies do not justify the wholesale exclusion of former employees from the discovery process" simply because "former employees do *not* qualify as agents of the corporation, [as] they do not fall within the [Rule's] imputation language." In re Torch, Inc., 1996 WL 185765, *3-4 (E.D. La. 1996) (emphasis added).

Second, as for Rule 4.2(a), this court finds that no ethical violation occurred as Relator's counsel appears to have limited his conversation with Miss Rayburn to non-privileged matters. Contrary to HealthSouth's assertion, it is equally plausible that Relator's counsel reasonably inferred that Rayburn was *unrepresented* due to the fact that her name was *not* on the list of represented former employees available for deposition sent by

2

HealthSouth's counsel on 3 June 2005. HealthSouth may obviate such problems in the future, as well as the need for this court to issue a piecemeal order authorizing Relator's counsel to contact each person represented by HealthSouth that he wishes to depose, by giving Relator's counsel a list of all current and former employees that HealthSouth represents in this matter. It is clear that Relator's counsel will not be permitted to have *ex parte* contact with any *current* HealthSouth employee.

Alexandria, Louisiana

3 August 2005

_____
F. A. LITTLE, JR.
UNITED STATES DISTRICT JUDGE